UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| JEROME JAMES JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>PERRY RUSSELL, *et al.*,<br><br>    Defendants. | Case No.: 3:21-cv-00263-ART-CSD<br><br>**ORDER**<br><br>Re: ECF No. 28 |

Before the court is Plaintiff's Motion for Reconsideration of Order (ECF No. 28). Plaintiff seeks reconsideration of this court's order of June 2, 2022 (ECF No. 27), which denied Plaintiff's second motion for appointment of counsel.  Plaintiff's rationale for such is that the court's order "failed to note the specific fact that ONS members are acquiring information on this action and other litigation through inmate law library workers" and "failed to address the argument that this situation violates Plaintiff's First Amendment right to access to the courts." (*Id.* at 4.)[1]

As the court has previously explained to Plaintiff, while any *pro se* inmate such as Mr. Johnson would likely benefit from services of counsel, that is not the standard this court must

---

[1] Plaintiff's motion refers to ONS members as a group called "Outlaw Nazi Skinheads."

employ in determining whether counsel should be appointed. *Wood v. Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990).

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The United States Supreme Court has generally stated that although Congress provided relief for violation of one's civil rights under 42 U.S.C. § 1983, the right to access to the courts is only a right to bring complaints to federal court and not a right to discover such claims or even to litigate them effectively once filed with a court. *Lewis v. Casey*, 518 U.S. 343, 354-355 (1996).

In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will grant such a request, however, are exceedingly rare, and the court will grant the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

As the court has previously enunciated, a finding of such exceptional or extraordinary circumstances requires the court evaluate both the likelihood of Plaintiff's success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn, supra,* 789 F.2d at 1331. Thus far, Plaintiff has shown an ability to articulate his claims.

In the matter of a case's complexity, the Ninth Circuit in *Wilborn* noted that:

> If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues. Thus,

2

> although Wilborn may have found it difficult to articulate his claims *pro se*, he has neither demonstrated a likelihood of success on the merits nor shown that the complexity of the issues involved was sufficient to require designation of counsel.

The Ninth Circuit, therefore, affirmed the District Court's exercise of discretion in denying the request for appointment of counsel because the Plaintiff failed to establish the case was complex as to facts or law. 789 F.2d at 1331.

Additionally, "prison inmates do not have a freestanding right to access a law library or legal assistance. Instead, an inmate has the right to access the courts to challenge their conviction, sentence, or conditions of confinement." *Canales-Robles v. Peters*, 270 F. Supp. 3d 1230, 1236 (D. Or. 2017) (citing *Lewis v. Casey*, 518 U.S. 343, 350–51); *see also Nevarez v. Hunt*, 770 F. Supp. 2d 565, 567 (W.D.N.Y. 2011) ("There is no freestanding right of prisoners to use a law library, however, and restrictions on an inmate's access to a law library will generally not give rise to a constitutional claim, unless those restrictions have the effect of denying the inmate meaningful access to the courts").

The substantive claim involved in this action is not unduly complex. Plaintiff's Complaint was allowed to proceed on the alleged Eighth Amendment failure to protect claim against Defendants Kelly, Mederas, Kinder, Russell, Adams, and Gibson. (ECF No. 3 at 8.) This claim is not so complex that counsel needs to be appointed to prosecute the case.

Similarly, with respect to the *Terrell* factors, Plaintiff has failed to convince the court of the likelihood of success on the merits of his claims.

Plaintiff claims that he is unable to "safely utilize LCC's law library." However, Plaintiff has been able to research the law, make legal arguments, and file various motions with the court, including two prior motions for appointment and the instant motion for reconsideration.

3

Accordingly, even if taken as true, the Plaintiff's allegations do not have the effect of denying him meaningful access to the courts.

In the exercise of the court's discretion, it **DENIES** Plaintiff's Motion for Reconsideration of Order (ECF No. 28).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule IB 3-1 of the Local Rules of Practice, specific written objections to the court's order within fourteen (14) days after service of the order. These objections should be titled "Objections to Magistrate Judge's Order" and should be accompanied by points and authorities for consideration by the District Court.
2. That this Order is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

**IT IS SO ORDERED.**

DATED: June 23, 2022.

_____
CRAIG S. DENNEY
UNITED STATES MAGISTRATE JUDGE