UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JEROME JOHNSON,<br><br>    Plaintiff<br><br>v.<br><br>PERRY RUSSELL, et al.,<br><br>    Defendants | Case No.: 3:21-cv-00263-ART-CSD<br><br>**Order**<br><br>Re: ECF No. 32 |

Before the court is Plaintiff's motion for an extension of time (60 days) to serve defendant Craig Madeiros[1]. (ECF No. 32.)

Plaintiff is an inmate incarcerated within the Nevada Department of Corrections (NDOC), and is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. The court screened Plaintiff's complaint and allowed him to proceed with an Eighth Amendment failure to protect claim against defendants Adams, Gibson, Kelly, Kinder, Madeiros, Russell, and John Does 1-5. (ECF No. 3.) Plaintiff was subsequently granted *in forma pauperis* (IFP) status. (ECF No. 10.)

The Office of the Attorney General (OAG) accepted service on behalf of Adams, Gibson, Kelly and Russell. The OAG did not accept service on behalf of former NDOC employees Kinder and Madeiros, who had not requested representation; however, their last known addresses were filed under seal. (ECF Nos. 11, 12.)

On March 29, 2022, the court ordered the issuance of summonses for Kinder and Madeiros. (ECF Nos. 14, 15.) The OAG accepted service for Kinder on May 2, 2022. (ECF No.

---

[1] Mistakenly named by Plaintiff as Maderas.

19.) On the same date, the summons for Madeiros was returned unexecuted, indicating that Madeiros did not live at the address provided. (ECF No. 20.)

On July 7, 2022, the court issued a notice of its intent to dismiss Madeiros for lack of timely service under Federal Rule of Civil Procedure 4(m), and gave Plaintiff until August 6, 2022, to complete service of Madeiros. (ECF No. 31.)

On July 12, 2022, Plaintiff filed this motion for an extension of time to serve Madeiros. Plaintiff states that he does not have the resources to find Madeiros (who is no longer an NDOC employee) because Plaintiff is incarcerated and indigent. In addition, Plaintiff has objected to an order denying the appointment of counsel, and if counsel is appointed, he argues he will be better equipped to locate and serve Madeiros. (ECF No. 32.)

Rule 4(m) provides that a defendant must be dismissed without prejudice if he is not served within 90 days unless the plaintiff shows good cause for the failure to timely serve the defendant. "'Rule 4(m) provides two avenues for relief. The first is mandatory: the district court must extend the time for service upon a showing of good cause. The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect.'" *Crowley v. Bannister,* 734 F.3d 967, 976 (9th Cir. 2013) (quoting *Lemoge v. United States*, 587 F.3d 1188, 1189 (9th Cir. 2009)). The Ninth Circuit has held that "Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint *after*" expiration of the 90-day period." *Efaw v. Williams*, 473 F.3d 1038, 1041 (emphasis original, citation and quotation marks omitted).

The court issued the summons and ordered service on Madeiros by the U.S. Marshal on March 29, 2022. (ECF No. 14.) As such, the 90-day timeframe expired on June 27, 2022. Plaintiff filed this motion on July 12, 2022. In light of the fact that Plaintiff is a pro se inmate

proceeding IFP, the court will exercise its discretion to grant Plaintiff an additional 60 days to complete service as to Madeiros.

The court recognizes it may be difficult for a pro se, indigent and incarcerated litigant to locate a former NDOC employee; therefore, the court will have the OAG file a notice indicating whether it is able to locate an alternative address for Madeiros. Ultimately, however, it is incumbent upon Plaintiff to provide the necessary information for the U.S. Marshal to complete service. *See Puett v. Blandford,* 912 F.2d 270, 275 (9th Cir. 1990) (an incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint by providing the "*necessary information to help effectuate service*"); *see also Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (indicating that prisoner must furnish the information necessary to identify and serve the defendant to the U.S. Marshal); *Downing v. Gentry*, No. 2:16-cv-02632-RFB-PAL, 2018 WL 5266843 (D. Nev. Oct. 23, 2018) (plaintiff has the responsibility to provide the U.S. Marshal with the information necessary to identify and locate each defendant to be served); *Williams v. Clark*, No. 2:14-cv-00414-APG-PAL, 2016 WL 1445586 (D. Nev. Mar. 3, 2016) ("If the USM is unable to effectuate service, for example, because plaintiff failed to provide sufficient information or because a defendant is not where plaintiff claims, and plaintiff is informed of the deficiency, he must seek to remedy the situation or face dismissal of that defendant pursuant to Rule 4(m).").

## CONCLUSION

Plaintiff's motion (ECF No. 32) is **GRANTED**.

On or before **July 20, 2022**, the OAG shall file a notice indicating whether it is able to ascertain an alternative address for Madeiros. If the OAG is able to ascertain another address for Madeiros, it shall be filed under seal but not served on the Plaintiff. The court will then direct the

U.S. Marshal to attempt service on Madeiros using that address. If the OAG is unable to locate an alternate address, it is incumbent upon Plaintiff to provide the U.S. Marshal with the necessary information to complete service.

Plaintiff has up to and including to **September 12, 2022,** to complete service as to Madeiros. A failure to comply with this Order may result in the dismissal of Madeiros without prejudice under Federal Rule of Civil Procedure 4(m).

**IT IS SO ORDERED**.

Dated: July 13, 2022

_____
Craig S. Denney
United States Magistrate Judge