UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

JEROME JAMES JOHNSON,

    Plaintiff,

v.

PERRY RUSSELL, *et al.*,

    Defendants.

Case No.: 3:21-cv-00263-ART-CSD

**ORDER**

Re: ECF No. 52

Before the court is Plaintiff's Motion for Appointment of Counsel for Limited Purpose of Settlement Negotiations (ECF No. 52).[1]

While any *pro se* inmate such as Mr. Johnson would likely benefit from services of counsel, that is not the standard this court must employ in determining whether counsel should be appointed. *Wood v. Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990).

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The United States Supreme Court has generally stated that although Congress provided relief for violation of one's civil rights

---

[1] This is actually Plaintiff's third request for appointment of counsel. *See*, ECF No. 16, denied on 4/11/22 in ECF No. 17 and ECF No. 25, denied on 6/2/22 in ECF No. 27.

under 42 U.S.C. § 1983, the right to access to the courts is only a right to bring complaints to federal court and not a right to discover such claims or even to litigate them effectively once filed with a court. *Lewis v. Casey*, 518 U.S. 343, 354-355 (1996).

In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will grant such a request, however, are exceedingly rare, and the court will grant the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such exceptional or extraordinary circumstances requires the court evaluate both the likelihood of Plaintiff's success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn, supra,* 789 F.2d at 1331. Thus far, Plaintiff has shown an ability to articulate his claims to the court.

In the matter of a case's complexity, the Ninth Circuit in *Wilborn* noted that:

> If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues. Thus, although Wilborn may have found it difficult to articulate his claims *pro se*, he has neither demonstrated a likelihood of success on the merits nor shown that the complexity of the issues involved was sufficient to require designation of counsel.

The Ninth Circuit, therefore, affirmed the District Court's exercise of discretion in denying the request for appointment of counsel because the Plaintiff failed to establish the case was complex as to facts or law. 789 F.2d at 1331.

2

The substantive claim involved in this action is not unduly complex. Plaintiff's Complaint was allowed to proceed on the alleged Eighth Amendment failure to protect claim against Defendants Kelly, Mederas, Kinder, Russell, Adams, and Gibson. (ECF No. 3 at 8.) This claim is not so complex that counsel needs to be appointed to prosecute the case.

Similarly, with respect to the *Terrell* factors, Plaintiff has failed to convince the court of the likelihood of success on the merits of his claims. In addition, as stated above, Plaintiff has shown an ability to articulate his claims and the legal issues involved are not complex.

In the exercise of the court's discretion, it **DENIES** Plaintiff's Motion for Appointment of Counsel for Limited Purpose of Settlement Negotiations (ECF No. 52).

**IT IS SO ORDERED.**

DATED: February 14, 2023.

_____
CRAIG S. DENNEY
UNITED STATES MAGISTRATE JUDGE